CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CANDICE ELIZABETH HARMON )<br>    Plaintiff,                              )<br>                                              )<br>v.                                          )<br>                                              )<br>FLUVANNA CORRECTIONAL       )<br>CENTER FOR WOMEN ET AL.,  )<br>    Defendant.                          ) | Civil Action No. 7:07CV00080<br><br>**MEMORANDUM OPINION**<br><br>By Hon. Glen E. Conrad<br>United States District Judge |

Plaintiff, Candice Elizabeth Harmon, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Fluvanna Correctional Center for Women (hereinafter "FCCW"); the Warden of FCCW, B.J. Wheeler; and Correctional Officer Dean. Having reviewed the complaint, the court concludes that plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

### Background

Plaintiff is presently incarcerated at FCCW. Plaintiff alleges that on the morning of January 4, 2007, she informed Correctional Officer Dean (hereinafter "CO Dean") that she needed to use the stapler. According to plaintiff, she "had some informal grievances that needed stapling." Plaintiff alleges that CO Dean took these grievances and read them. Plaintiff further alleges that CO Dean stated "I do not have to take this" and that CO Dean "threw the papers violently through the window striking [plaintiff] in [her] left breast." Plaintiff claims that these papers were thrown at her with "extreme velocity."

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Plaintiff further alleges that she proceeded to sit down and that she refused to move until her papers were stapled and she "received proper medical, mental and legal assistance." Plaintiff contends that CO Dean, along with other Correctional Officers who were not named in her complaint, threatened to place her in segregation if she continued to pursue her grievances. Plaintiff further contends that as she was explaining her grievances to CO Dean and the other Correctional Officers, they began moving "closer and closer to [her]." Then, according to plaintiff, CO Dean shouted to her "I will not tolerate any of your 'God damn' lies against me." Plaintiff claims that she was coerced into dropping her grievances due to the threat of being put into segregation and that she still needs medical, mental and legal assistance.

## **Discussion**

In order to state a cause of action under § 1983, a plaintiff must establish that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff cannot maintain her action against FCCW, since this entity is not a "person" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Furthermore, having reviewed plaintiff's allegations, the court concludes that plaintiff has failed to allege facts sufficient to establish that CO Dean or B.J. Wheeler violated her constitutional rights.

1. Excessive Force

To the extent that plaintiff's allegation about having papers thrown at her can be construed as an excessive force claim, plaintiff's allegation is without merit. To establish an excessive force claim under the Eighth Amendment, an inmate must satisfy two elements: (1) that the defendants

2

acted with a sufficiently culpable state of mind, and (2) that the harm inflicted on the inmate was sufficiently serious. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). With respect to the second element, an inmate "need not show that the force used caused an 'extreme deprivation' or 'serious' or 'significant' pain or injury to establish a cause of action." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). However, absent the most extraordinary circumstances, an inmate must allege more than de minimis pain or injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994).

In this case, plaintiff alleges CO Dean threw grievance papers at her that struck her in the left breast. According to plaintiff, these papers were thrown "violently" and "with extreme velocity." However, plaintiff does not indicate that she suffered any pain or injury to her left breast. Thus, based the facts provided, the court finds that plaintiff has failed to allege more than de minimis pain or injury. Although an inmate who suffers de minimus injuries may still recover if "extraordinary circumstances"[2] are present, Norman 25 F.3d at 1263, the court concludes that such circumstances do not exist in this case.

2. Deliberate Indifference

To the extent that plaintiff's allegations about needing medical and mental assistance can be construed as a deliberate indifference claim, plaintiff's allegations are without merit. In order to establish an Eighth Amendment violation based on deliberate indifference, a plaintiff must be able to show that "a prison official actually kn[e]w of and disregard[ed] an objectively serious condition, medical need, or risk of harm." Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). In this case,

---

[2] Extraordinary circumstances exist when the force used is "diabolic," "inhuman," or "repugnant to the conscience of mankind." Norman, 25 F.3d at 1263 (quoting Hudson, 503 U.S. at 8).

3

plaintiff has failed to allege facts which indicate that she has a serious medical need or that she is at risk of harm, and none of the grievances submitted with her complaint mention any serious medical problems. Moreover, plaintiff has not set forth any facts indicating that defendants were aware of or must have known about any serious medical issues. See Farmer v. Brennan, 511 U.S. 825, 842 (1994) (an Eighth Amendment plaintiff could prevail if facts suggest that defendant was exposed to enough information, such that defendant 'must have known' of a serious risk of harm to the plaintiff). Thus, plaintiff has failed to state a claim for deliberate indifference.

### 3. Ability to Pursue Grievances

Plaintiff next alleges that the threat of being put in segregation has prevented her from pursuing grievances. This allegation is also insufficient to state a claim upon which relief may be granted because it is well established that inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, threats of being placed in segregation do not state a constitutional claim because segregated confinement does not per se amount to cruel and unusual punishment, even if of prolonged and indefinite duration. In re: Long Term Admin. Segregation of Inmates, 174 F.3d 464, 471-472 (4th Cir. 1999) (administrative segregation for three years not per se unconstitutional), cert denied, 528 U.S. 874 (1999); Allgood v. Morris, 724 F.2d 1098, 1101 (4th Cir. 1984) (protective segregation not per se unconstitutional).

### 4. Access to Courts

To the extent that plaintiff's allegation about needing legal assistance can be construed as an access to courts claim, plaintiff's allegation is without merit. Plaintiff has not alleged that she has been denied access to an institutional attorney or the law library. In her complaint, plaintiff merely states that she needs legal assistance. In order to prevail on an access to courts

claim, a prisoner must show actual injury, i.e., that the prisoner's efforts to pursue a legal claim were hindered. Lewis v. Casey, 518 U.S. 343, 351-352 (1996). Therefore, because plaintiff has not explained how her unfulfilled need for legal assistance has resulted in an actual injury, the plaintiff's access to courts claim must be dismissed.

## Conclusion

For the reasons stated, the court concludes that plaintiff has failed to state a claim upon which relief may be granted. Thus, her complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[3] The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant, if known.

ENTER: This 26th day of February, 2007.

/s/ Jud G Conrad
United States District Judge

---

[3] Having reached this conclusion, the plaintiff's motion to proceed in forma pauperis will be dismissed as moot.

5